IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAY DUNLAP and NICK JAKICH,** )<br>)<br>Appellants, )<br>)<br>vs. )<br>)<br>**ROBERT EGGMANN, Trustee, et al.,** )<br>)<br>Appellees. )<br>)<br>) | Appeal from the United States Bankruptcy<br>Court for the Southern District of Illinois<br><br><br><br>CIVIL NO. 10-529-GPM |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      This matter is before the Court on appeal from the United States Bankruptcy Court for the Southern District of Illinois. Appellants Nick Jakich and Jay Dunlap (Jackich and Dunlap, respectively) appeal from the bankruptcy court's June 7, 2010 Order denying their second Motion for Reconsideration of the order closing the bankruptcy case.

### I. Background

      In October 2006, four creditors of Golf 255, Inc. (Debtor) filed a petition for involuntary Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Illinois. The bankruptcy court heard testimony on the involuntary petition, entered an order for relief and appointed Robert Eggmann (Trustee) as trustee.

      In February 2007, the bankruptcy court entered an order granting Trustee's motion to sell substantially all of the debtor's assets. In March 2007, someone filed a suspicious deed with the Madison County Recorder of Deeds. The deed appeared to bear Jakich's signature "on behalf of

Golf 255, Inc." and purported to sell the debtor's principal asset. The bankruptcy court enjoined Madison County from recording the deed. The approved sale took place later in 2007. Dunlap and Jakich appealed the sale, and this Court dismissed the appeal as moot.

In July 2007, Dunlap attempted to file motions to dismiss the case and to remove Trustee on behalf of Debtor. The bankruptcy court denied those motions because Dunlap was not an attorney and because the Debtor was already represented. In July 2008, Dunlap, this time acting as an individual and represented by counsel, filed substantially the same motions. The court again denied the motions.

In November 2009, Dunlap and Jakich filed several motions seeking discovery of fraud upon the court. In December 2009, the bankruptcy court denied those motions, finding that Trustee had reasonably exercised his business judgment in not seeking discovery.

In April 2010, the bankruptcy court entered an order closing the case. Dunlap and Jakich filed two motions for reconsideration. Both were denied. They appeal the denial of the second motion for reconsideration, which was denied on June 7, 2010.

## II. Standard of Review

Section 350(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3022 provide for the closing of a case when the bankruptcy estate is "fully administered." This determination requires the bankruptcy court to exercise its discretion. Thus, we review for abuse of discretion. *See also* In re *Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991) (decision to reopen a case reviewed for abuse of discretion).

## III. Fraud Upon the Court

Dunlap and Jakich allege that there was fraud upon the court in the filing of the petition; the sale of Debtor's principal asset; the appointment of Trustee; and the bankruptcy court's approval of Debtor's schedules, statement of financial affairs, and other disclosures.

Fraud upon the court "must involve corruption of the judicial process itself." *Gekas v. Pipin* (In re *Met-L-Wood Corp.*), 861 F.2d 1012, 1018 (7th Cir. 1988) (citing In re *Whitney-Forbles, Inc.*, 770 F.2d 692, 698 (7th Cir. 1982)). Here, Dunlap and Jakich have made no allegations of corruption of the judicial process. No judge had a financial interest in the outcome of the case. No judge denied Dunlap or Jakich the notice and opportunity to be heard that the Bankruptcy Code affords them. No judge prevented Dunlap or Jakich from filing several motions and appeals, requiring the estate to incur considerable expense litigating dubious claims.

The only event in this case that even came close to fraud on the court was the filing of the fraudulent deed in March 2007. However, Trustee properly investigated this matter and brought it to the bankruptcy court's attention before the judicial process could be corrupted.

### IV. Conclusion

For the foregoing reasons, the bankruptcy court's June 7, 2010 order is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED: 10/26/10  s/ *G. Patrick Murphy*
    G. PATRICK MURPHY
    United States District Judge